UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JEFFREY WARREN,

                Plaintiff,                09-CV-6217

v.

MICHAEL S. ASTRUE,                              **ORDER**
Commissioner of Social Security,

                Defendant.

_____

    Plaintiff, Jeffrey Warren ("Plaintiff"), brought this action seeking review of a decision by the defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits and supplemental security income. (Docket No. 1.) In a Decision and Order dated July 27, 2010, this Court reversed the decision of the Commissioner and remanded the case to the Social Security Administration ("SSA") for calculation and payment of benefits. (Docket No. 13.) Plaintiff was awarded $55,969 in past due benefits, $11,805 (25%) of which was withheld by the SSA for the payment of attorney's fees. Also, by stipulation, the parties agreed to an award of $3,760.66 in attorney's fees under the Equal Access to Justice Act ("EAJA fees").

    Plaintiff now seeks attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $11,805, the amount withheld by the SSA and which the Plaintiff agreed to pay his attorney, Mark M. McDonald ("McDonald"), in a contingency fee agreement. (Docket No. 16.) Should this fee be awarded, Plaintiff would be entitled to

the EAJA fee award, resulting in an award of $8,044.34 in attorney's fees to McDonald. This fee would represent 24.25 hours of work performed in connection with the proceedings before this Court, but would not include the additional 13.25 hours of work performed before the SSA. McDonald has agreed to waive any fee for his service to Plaintiff before the SSA. By letter dated February 2, 2012, the Commissioner indicated that they did not oppose an award of fees or the amount of fees requested.

42 U.S.C. § 406(b)(1)(A) states that in connection with a favorable decision, a court may award a "reasonable fee...not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." A court must review a fee request pursuant to § 406(b)(1)(A) to determine the reasonableness of the amount of fees requested. Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The fee applicant bears the burden of establishing that the requested fees are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Alnutt v. Cleary, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99.

Here, Plaintiff seeks $11,805 in attorney's fees for 24.25 hours of work. This fee will be reduced by the amount of EAJA fees

received by the Plaintiff, for an effective fee award of $8,044.34 at an hourly rate of approximately $331.73.  Plaintiff's attorney will waive any fee for work performed before the SSA, approximately 13.25 hours.

The Court has reviewed the fee request and the time records submitted by the Plaintiff and finds that the amount of fees requested is reasonable.  McDonald is experienced in representing clients before the SSA and this Court and he achieved a favorable result for the Plaintiff.  In granting this request, the Court also considers that the Plaintiff's award of past benefits will be increased by the EAJA fee award and that Plaintiff's attorney will not seek further payment for any work performed at the administrative level.

Accordingly, Plaintiff's request for attorney's fees under 42 U.S.C. § 406(b)(1)(A) is granted. The Commissioner is hereby ordered to pay Plaintiff $11,805 in attorney's fees.

**ALL OF THE ABOVE IS SO ORDERED**.

                                         s/ Michael A. Telesca
                                          MICHAEL A. TELESCA
                                United States District Judge

Dated:   Rochester, New York
         February 9, 2012